ARTHUR W. O'DEA & others[1] *vs.* CHRISTOPHER C. MITCHELL & another.[2]

Middlesex.    December 6, 7, 1965. — February 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Dead Body. Actionable Tort. Practice, Civil,* Demurrer, Amendment.

Where a demurrer to the declaration in an action at law was sustained on the ground that the declaration failed to state a cause of action and leave to move to amend the declaration was granted, but the plaintiff appealed from the order sustaining the demurrer without seeking to amend, this court, upon deciding that the order was correct, directed that judgment be entered for the defendant.    [164, 165]

Right to possession of the body of a decedent and standing to maintain an action for an allegedly unlawful disposition of the body by the defendant in disregard of the plaintiff's right were not shown by an allegation in the declaration merely that the plaintiff was "next of kin" of the decedent, without any allegation that there was no surviving spouse of the decedent and no direction by the decedent as to the disposition of his body contrary to a right of possession in the plaintiff.    [164]

No cause of action was stated by an allegation in a declaration that "great anguish of mind" of the plaintiff resulted from an allegedly unlawful disposition of the body of a decedent by the defendant in disregard of the plaintiff's rights.    [165]

TORT. Writ in the Superior Court dated November 4, 1964.

Demurrers to the declaration were heard by *Fairhurst,* J.

*Thomas D. Kenna, Jr.,* for the plaintiffs.

*Ernest K. Edie* for the defendant Mitchell.

*John J. Walsh, Jr.,* for the defendant Nicholas.

KIRK, J.    This is an action of tort in eight counts brought by four sons of Patrick J. O'Dea, deceased, for damages in the sum of $100,000 allegedly suffered because of the defendants' unlawful burial of the decedent. Each of the counts names one of the plaintiffs and one of the defendants. The defendant Mitchell operates a funeral home. The relationship of the defendant Nicholas to the plaintiffs or to the decedent does not appear.

Each count of the declaration alleges that the plaintiff is

[1] Francis J. O'Dea, Bernard T. O'Dea and George P. O'Dea.

[2] Matilda Nicholas.

a son and next of kin to the decedent, that the father died on March 31, 1964, that on or about that date the defendant "unlawfully and without right, in wilful disregard and careless ignorance of plaintiff's rights . . . did take charge of the body, funeral and burial" of the decedent. The plaintiffs allege that the defendants' actions caused them "great anguish of mind."

The defendants each filed a demurrer to the declaration, averring in substance that the allegations of the declaration were insufficient to sustain a cause of action in tort. The judge sustained the demurrers and granted leave to the plaintiffs to move to amend the declaration by filing with the motion a substitute declaration within a specified number of days.

The plaintiffs elected not to amend within the time specified, but, rather, to appeal from the orders sustaining the demurrers. The result is that they stake their entire case upon the correctness of the ruling on the demurrers. *Elfman* v. *Glaser,* 313 Mass. 370, 373–374, and cases cited. See *Spector* v. *Loreck,* 342 Mass. 685, 687. The questions thus raised concern the adequacy of the declaration with respect to the plaintiffs' standing to sue, to the alleged conduct of the defendants, and to the efficacy of the claim of damages solely from mental anguish.

The plaintiffs' standing rests on the statement that they are "next of kin" to the decedent, and therefore have the right to possession of the decedent's body. That right vests, however, in the next of kin only when there is no surviving spouse or no contrary provision by the decedent concerning the disposition of his remains. *Sheehan* v. *Commercial Travelers Mut. Acc. Assn. of America,* 283 Mass. 543, 553. The absence of a surviving spouse and of contrary directions by the decedent must be alleged by the next of kin in order to establish their standing to sue. The mere statement that the plaintiffs are the decedent's next of kin does not warrant the inference that they are vested with the right to possession of the body. The absence of impediments to the claiming of that right is a primary fact "necessary to make out a case." *Cluff* v. *Picardi,* 331 Mass. 320, 322.

The plaintiffs' lack of standing is decisive of the case. We need not discuss the issue of damages which, in any event, would be resolved against the plaintiffs. *Spade* v. *Lynn & Boston R.R.* 168 Mass. 285, 290. See *Sullivan* v. *H. P. Hood & Sons, Inc.* 341 Mass. 216.

*Orders sustaining demurrers affirmed.*
*Judgments for the defendants.*