PATRICIA H. STACKHOUSE, guardian,[1] *vs.* GEORGE TODISCO & others.[2] May 10, 1976. Maurice G. Todisco died on May 28, 1974. He had made no provision, in his will or otherwise, regarding his funeral or burial. His parents, on learning of the death, notified his daughters, then aged fourteen and fifteen, and were told by them and their mother, the divorced wife of the decedent, to make the arrangements. They did so, and the decedent was buried in St. John's cemetery in the city of Worcester, Massachusetts, where the parents reside. This action was commenced in the Probate Court for Worcester County in October, 1974, by the former wife. Acting by nomination in the decedent's will and appointment by the Probate Court for Middlesex County as guardian of the daughters, she sued the decedent's parents and St. John's Cemetery, Inc., for a determination that she, in the right of the daughters, was entitled to remove the decedent's remains for reburial in a cemetery lot purchased in Ashland, Massachusetts, where she and the daughters reside. The parents in their answer denied the guardian's right; the cemetery corporation by answer and counterclaim invited a determination by the court and sought payment from the guardian of the outstanding bill for the burial, and of the costs of the disinterment, if that should occur. Upon findings of fact and conclusions of law, a judge of the Probate Court entered judgment (pars. 1 and 5) that when a daughter reaches majority she may have the remains of her father removed from St. John's cemetery on payment of the reasonable costs of the disinterment. The judgment further directs (pars. 2-4) that the funeral and burial expenses, as yet unpaid, shall be met out of the decedent's estate, and an amount owing to St. John's Cemetery, Inc., and a fee owed to the parents' counsel, after payment by the parents, shall be reimbursed from the decedent's estate. The guardian appealed from the whole judgment, and we took the case for direct appellate review. 1. In the absence of direction from the decedent, a surviving spouse, or, failing such a spouse (as here), then the decedent's next of kin, have a "possession" of the body so that they may dispose of it for burial according to their wishes. See *Sheehan* v. *Commercial Travelers Mut. Accident Ass'n,* 283 Mass. 543, 554 (1933); cf. *O'Dea* v. *Mitchell,* 350 Mass. 163, 164 (1966); *Gahn* v. *Leary,* 318 Mass. 425, 429 (1945). The right extends to removal of the body from one place of interment to another, unless perhaps there are sufficient countervail-

[1] See n.3 below.
[2] Anna Todisco and St. John's Cemetery, Inc.

ing considerations. See *Vaughan* v. *Vaughan,* 294 Mass. 164, 166 (1936); *Weld* v. *Walker,* 130 Mass. 422 (1880); Annot., 21 A.L.R.2d 472 at § 12 (1952). The judge below recognized the right of the daughters as next of kin (see G. L. c. 190, §§ 1-3; cf. c. 38, § 15; c. 113, § 8), and the guardian's only objection is that its effectuation was postponed to the attainment of age (which we take to be eighteen). We think this was a sound precaution to ensure that the decision as to reburial is not merely that of the mother as guardian; but the judge is at liberty to authorize the removal of the body earlier if he satisfies himself of the genuineness of the daughters' desire. 2. The provisions of the judgment regarding payment and reimbursement of obligations for the funeral and burial and for counsel's fee are not authorized because the estate of the decedent was not joined in the present action. Cf. *Sherman* v. *Rent Control Bd. of Brookline,* 367 Mass. 1, 6 (1975). 3. Accordingly, the judgment is reversed and the case is remanded for entry of a new judgment as follows. Paragraphs 1 and 5 of the judgment may stand, or be revised as indicated in point 1 above. Paragraphs 2-4 of the judgment are to be annulled.[3]

*So ordered.*

*Alfred A. Macchi* for Patricia H. Stackhouse, guardian.


---

[3] We observe that the action should not have been brought in the name of the guardian on behalf of the daughters, but rather by the daughters through the guardian. The defect is readily amendable (see *Cooney* v. *Montana,* 347 Mass. 29, 31 n.1 [1964]) and the pleadings shall be taken to be amended accordingly.