MICKEY DUMOUCHELLE AND TWYLA NARAGON v. DUKE UNIVERSITY

No. 8314SC924

(Filed 3 July 1984)

1. **Dead Bodies § 3— damages for mishandling or mutilation of body**
   The person entitled to possession of a body may recover damages for mental suffering caused by negligent or intentional mishandling or mutilation of the body, and if such mishandling or mutilation is wilful, malicious or grossly negligent, punitive damages may also be recovered.

2. **Dead Bodies § 1— funeral arrangements—wishes of next-of-kin contrary to wishes of decedent—effect of statute**
   The statute providing that directions of the next-of-kin shall govern the disposal of the remains of a decedent, G.S. 90-210.25(e)(2), does not express a legislative intent that the wishes of the next-of-kin concerning funeral arrangements must prevail over the wishes of the decedent.

3. **Dead Bodies § 1— instructions in will concerning burial—authority of executor to act before probate**
   Since G.S. 28A-13-1 clearly permits a personal representative to carry out written funeral instructions before formal appointment, it follows that there is no need to wait for probate when the instructions are contained in the will. G.S. 130A-406.

**4. Dead Bodies § 1— burial instructions by next-of-kin—contrary instructions by personal representative—no duty to inform next-of-kin**

Where decedent's next-of-kin instructed defendant hospital to cremate decedent's body, but decedent's personal representative canceled the cremation and instructed defendant to send the body to Ohio for burial pursuant to decedent's wishes, defendant had no duty to inform the next-of-kin of the change in funeral plans before they took place.

**5. Dead Bodies § 1— testamentary provision for burial—conflicting wishes of next-of-kin**

A testamentary provision directing disposition of the decedent's body must prevail over conflicting wishes of the decedent's next-of-kin. Therefore, the next-of-kin in such a case have no right to possession of the body for the purpose of selecting funeral arrangements and have no standing to sue defendant hospital for negligence in its failure to carry out their instructions for cremation of decedent's body.

APPEAL by plaintiffs from *Lee, Judge*. Order entered 16 May 1983 in DURHAM County Superior Court. Heard in the Court of Appeals 4 June 1984.

Plaintiffs filed this suit against defendant, seeking compensatory and punitive damages for alleged breach of contract and negligence relating to the disposition of their mother's body.

The pleadings, affidavits and answers to discovery reveal the following events and circumstances. Plaintiffs' mother, a Florida resident, died in defendant's hospital on 5 September 1980. Upon learning of their mother's death, plaintiffs paid $200.00 and instructed defendant to cremate the body. Plaintiffs then drove to Florida, where they discovered their mother's will and learned for the first time that it was Mrs. Post's wish to be buried in Ohio. Plaintiffs did not attempt to cancel the cremation as they believed it had already been completed. Plaintiffs then contacted Robert Randolph, Mrs. Post's grandson, and told him that he had been named executor of the will, but did not inform him of the provision for burial in Ohio. '

During her life Mrs. Post told Randolph she wanted to be buried in Ohio, and on learning of her death, Randolph telephoned defendant and cancelled the cremation. It is unclear whether Randolph told defendant that the change in funeral plans was due to his personal wishes or those of Mrs. Post. Defendant did not contact plaintiffs or consult them before carrying out Randolph's in-

structions to have the body shipped to Ohio for burial. Plaintiffs learned of the change in plans about two months later.

Defendant issued a refund check for the $200.00 cremation fee in September 1980, but the check was returned uncancelled. After plaintiffs filed suit, defendant sent another check to plaintiffs' attorney on 1 April 1982.

Following completion of discovery, defendant moved for summary judgment, which was granted on 20 July 1983. From entry of the order granting defendant's motion, plaintiffs appealed.

*Richard N. Weintraub for plaintiffs.*

*Newsom, Graham, Hedrick, Bryson, Kennon & Faison, by E. C. Bryson, Jr. and David S. Kennett, for defendant.*

WELLS, Judge.

A motion for summary judgment is properly granted under N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982). Summary judgment is a somewhat drastic remedy and should be granted cautiously, especially in actions alleging negligence as a basis of recovery. *McNair v. Boyette,* 282 N.C. 230, 192 S.E. 2d 457 (1972).

Plaintiffs contend that the trial judge erred in granting summary judgment for defendant because genuine issues of material fact remain and because defendant is not entitled to judgment as a matter of law.

In reviewing the merits of plaintiffs' appeal, we turn first to their claim for damages for mental anguish resulting from defendant's alleged negligent disposition of Mrs. Post's body. In order to establish actionable negligence, plaintiff must show (1) that there has been a failure to exercise proper care in the performance of some legal duty which defendant owed to plaintiff under the circumstances in which they were placed; and (2) that such negligent breach of duty was a proximate cause of plaintiffs' injury. *See*

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 311 S.E. 2d 559 (1984) and cases cited therein.

[1]　The person entitled to possession of a body may recover damages for mental suffering caused by negligent or intentional mishandling or mutilation of the body, *Parker v. Quinn-McGowen Co.*, 262 N.C. 560, 138 S.E. 2d 214 (1964). If such mishandling or mutilation is wilful, malicious or grossly negligent, punitive damages may also be recovered. *Id.* As a general rule, only the person entitled to possession and disposition of a body may maintain an action for mishandling or mutilation of the body. *See Gurganious v. Simpson*, 213 N.C. 613, 197 S.E. 163 (1938), Annot., 48 A.L.R. 3d 261 (1973).

In the case before us, plaintiffs allege no mutilation of their mother's body by defendant, but only that the body was mishandled when defendant arranged for burial of Mrs. Post's body, instead of cremation, as requested by plaintiffs. Plaintiffs' argument rests upon the proposition that a decedent's nearest next-of-kin have final authority over funeral arrangements. As a general rule, the next-of-kin have the right to possess the body of a decedent for the purpose of burial. *Parker v. Quinn-McGowen Co., supra.* The issue of whether the wishes of the decedent concerning burial may prevail over those of the next-of-kin has never been directly addressed by the courts of our state. There is authority, however, for the proposition that a testamentary provision concerning burial should override contrary wishes of the decedent's next-of-kin. In *Kyles v. R. R.*, 147 N.C. 394, 61 S.E. 278 (1908) our supreme court noted in dicta that "[t]he right to the possession of a dead body for the purpose of preservation and burial belongs, *in the absence* of any testamentary disposition, to the surviving husband or wife or next of kin . . ." (Emphasis added.) Although the foregoing language was dicta, it has been cited with approval by our supreme court in at least one later case, *Floyd v. R.R.*, 167 N.C. 55, 83 S.E. 12 (1914) and we see no reason to adopt a contrary rule today.[1] *Parker v. Quinn-McGowen Co., supra*, cited by plaintiffs as opposing authority, is inapposite as it does not deal

---

1. The courts of other jurisdictions are somewhat divided over the degree of deference accorded a decedent's wishes concerning disposition of his or her body, Annots., 54 A.L.R. 3d 1037 (1973), 7 A.L.R. 3d 747 (1966), although most courts appear to accord at least some weight to the decedent's expressed desires. *Id.*

directly with the issue whether the wishes of the next-of-kin prevail over a testamentary provision for disposition of the testator's body.

[2]   Plaintiffs also contend that the language of N.C. Gen. Stat. § 90-210.25(e)(2) (1981 & 1983 Cum. Supp.) expresses a legislative intent that the wishes of the next-of-kin concerning funeral arrangements must prevail. The statute provides, in relevant part: "No funeral service establishment shall accept a dead human body . . . without having first made due inquiry as to the desires of the next of kin . . . If any such kin be found, his or her authority and directions shall govern the disposal of the remains of such decedent. . . ." The statute plaintiffs rely on does not resolve the issue before us, as it does not directly address the question of the effect of a testamentary provision for funeral arrangements.

[3]   Plaintiffs next contend that an executor has no authority to act prior to formal appointment by a probate court. Plaintiffs overlook N.C. Gen. Stat. § 28A-13-1 (1976) which provides, in pertinent part:

> The duties and powers of a personal representative commence upon his appointment. The powers of a personal representative relate back to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named executor in a will may carry out written instructions of the decedent relating to his body, funeral and burial arrangements. . . .

Plaintiffs also argue that a testamentary provision for disposition of the testator's body can have no validity before the will is probated, but cite no authority for their position. Plaintiffs' argument runs counter to the intent of G.S. § 28A-13-1. Since the terms of the statute clearly permit a personal representative to carry out written funeral instructions before formal appointment, it follows that there is no need to wait for probate when the instructions are contained in a will. We find further support for our position in N.C. Gen. Stat. § 130A-406 (1983 Supp.), which provides that gift of part or all of a body may be made by will and becomes effective on the death of the donor without waiting for probate. If the will is later declared invalid, the anatomical gift remains valid to the extent that it has been acted upon in good

faith. We think that a similar rule should apply to cases of testamentary directions for disposition of the testator's body. The provision must be treated as valid upon the death of the testator, and funeral directors who act upon the provision in good faith cannot later be held liable in tort because they acted before the will was probated.

[4] Plaintiffs next contend that, even if the wishes of a testator prevail over those of the next-of-kin, defendant had a duty to inform them of the change in funeral plans before they took place. Again, plaintiffs cite no support for their position nor are we willing to impose such a duty.

[5] Based on the foregoing discussion, we hold that a testamentary provision directing disposition of the testator's body must prevail over conflicting wishes of the testator's next-of-kin.[2] It follows that the next-of-kin in such a case have no right to possession of the body for the purpose of selecting funeral arrangements and therefore they have no standing to sue defendant for negligence for its failure to carry out the cremation of Mrs. Post's body. *Accord, O'Dea v. Mitchell,* 350 Mass. 163, 213 N.E. 2d 870 (1966).

We turn now to plaintiffs' claim for mental anguish stemming from defendant's breach of the cremation contract. Plaintiffs' standing to sue for breach of the contract rests upon the right to direct disposition of their mother's body, for the reasons stated in the discussion of plaintiffs' tort claim. While plaintiffs may neither enforce the cremation contract, nor collect damages for mental anguish caused by its breach, defendant must return the $200.00 cremation fee to plaintiffs to avoid unjust enrichment. Defendant has stipulated that plaintiffs are entitled to a refund, and the record clearly shows that plaintiffs' attorney has been issued a $200.00 check by defendant. Under the facts before us, we

---

2. Although we only decide today that a written testamentary provision overrules conflicting wishes of the next-of-kin concerning disposition of the testator's body, we note that G.S. § 28A-13-1 permits the personal representative of the deceased to carry out written instructions pertaining to disposition of the body, whether they appear in a will or not. The statute does not deal with the authority of other persons to carry out the deceased's wishes, nor does it discuss the validity of oral instructions. As a general rule, we note that courts of most other jurisdictions appear to permit enforcement of orally stated preferences, *see* Annot., 54 A.L.R. 3d 1037 (1973) and cases cited therein.

hold that summary judgment was properly entered for defendant.

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.