## VETA GERBER *vs.* DAVID SHWARTZ.

Cumberland County. Decided March 3, 1925. An action for breach of promise of marriage. The jury found for the plaintiff and

awarded damages in the sum of thirty thousand dollars. The case comes before this court on a motion for a new trial on the usual grounds, the defendant contending that the verdict is against the evidence and that the damages are excessive.

The question of whether there was a promise of marriage and a breach is one of fact and for the jury. This court after a careful review of the evidence cannot say that their conclusion upon this issue was clearly wrong.

Upon the question of damages, the measure in this class of cases is not one easily defined, the law furnishing no definite or precise rule, and the assessment being peculiarly within the province of the jury.

It may involve loss of affection, social position, worldly benefit from the defendant's wealth and standing, mental suffering, shame and humiliation and in this case special damages were claimed by reason of a sale of plaintiff's business and agreement not to enter into such business for a period of years in anticipation of her marriage, though the evidence does not show that this element could have very materially affected the amount of the verdict.

No doubt the worldly benefits she might have received and the social position she might have gained by reason of the wealth and standing of the defendant in the Jewish community and his prominence in the business life of the largest city in the state entered largely into the damages awarded by reason of the defendant's refusal to carry out his promise of marriage.

Outside of a statement to the plaintiff by the defendant during the prosecution of his suit for her hand as to the amount of his wealth, the evidence as to the extent and value of his holdings comes almost entirely from the testimony of the defendant and his sons. Their testimony on this point, however, when pressed in cross examination, is so indefinite and equivocal as to actual values, that this court cannot say after a review of all the evidence, that the jury was not warranted in fixing a value upon the defendant's property at the time the breach occurred, which would amply warrant the damages assessed based on the plaintiff's loss or worldly benefits and social standing coupled with the other elements that may have properly entered into their award. Motion overruled. *Hinckley & Hinckley and Israel Bernstein*, for plaintiff. *Woodman, Whitehouse & Littlefield, and Joseph E. F. Connolly*, for defendant.