PLUMMER ET AL. *v.* HOLLIS.

[No. 26,884. Filed November 24, 1937.]

*Walter R. Arnold* and *John Degnan,* for appellants.

*Orie Parker,* for appellee.

FANSLER, J.—Appellants filed their complaint against appellee, alleging that they had employed appellee, an undertaker, to prepare for burial, and to bury, their two year and eight month old daughter; that, as part of the contract of employment, for which they compensated the defendant, the defendant undertook and agreed to have a photograph made of the deceased daughter before burial; that the defendant had knowledge that the plaintiffs had no picture, photograph, or likeness of their deceased daughter, and had knowledge of the purpose of the plaintiffs in having the photograph made, and knew that they were anxious to have the photograph for preservation; that the defendant carelessly and negligently allowed the body of the deceased daughter to be buried without the photograph being made, whereby the plaintiffs suffered great psychic distress and mental anguish, to their damage in the sum of $500. A demurrer to this complaint was sustained. The plaintiffs refused to plead further, and

there was judgment for the defendant. The sustaining of the demurrer is the error assigned.

The sole question is whether an action can be maintained for damages for mental anguish alone, resulting from the negligent breach of a contract. The question is answered in the negative in *Western Union Telegraph Co.* v. *Ferguson* (1901), 157 Ind. 64, 60 N. E. 674, 1080, 54 L. R. A. 846, since which the question has been considered settled in this state. Appellants rely upon *Renihan et al.* v. *Wright et al.* (1890), 125 Ind. 536, 25 N. E. 822. As pointed out by Jordan, J., in a dissenting opinion in the Western Union Telegraph Co. case, the majority opinion necessarily resulted in overruling *Renihan et al.* v. *Wright et al.*

Judgment affirmed.