DONALD D. SUSI

*vs.*

MERTIE E. SIMONDS

Somerset.   Opinion, December 17, 1951.

*Bartolo M. Siciliano,* for plaintiff.

*Lloyd H. Stitham,*

*Merrill & Merrill,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, JJ. (MERRILL, J. did not sit.)

THAXTER, J. This is an action brought for the breach of an option to convey a parcel of real estate to the plaintiff. The option reads as follows:

> "Madison, Me.
>
> July 3, 1948
>
> On receipt of $100.00 (one hundred dollars) paid by Donald D. Susi of Pittsfield, Maine, I, Mertie Simonds agree to hold my south Main Street property the home of which is now occupied by Fred Sinclair, for a period of ninety (90) days from this date and which property I agree to sell to said Donald D. Susi for the sum total of $6000.00 (six thousand dollars) less the $100.00 already paid and give said Susi a warranty deed at time of full payment.
>
> Mertie E. Simonds
>
> (On reverse side of said Exhibit appears the following:) Said S"

The action was not, however, brought in assumpsit but in tort because the plaintiff claimed to recover certain special damages which he has set forth in his writ which he seems to think could be more readily recovered if the action were brought in tort instead of assumpsit. By such procedure the action was only complicated, not simplified. An action on the case may lie concurrently with assumpsit for breach of an express or implied contract. *Inhabitants of Milford* v. *Bangor Railway & Electric Co.*, 104 Me. 233.

In order, however, for the plaintiff to recover the special damages which he here claims to have suffered beyond what would naturally flow from the breach claimed of such contract, it must affirmatively appear that the special circumstances under which the contract was actually made which gave rise to such damages were communicated by the plaintiff to the defendant and were thus in the contemplation of both parties at the time of making the contract. *Hadley* v.

*Baxendale,* 9 Exchequer Rep. 341; *Griffin* v. *Colver, et als.,* 16 N. Y. 489.

These special damages consist in part at least of loss of profits in the use which the purchaser contemplated making of the property which he did not obtain. But, as the trial judge very pertinently pointed out, it would be impossible for the purchaser to communicate such information to the seller when the purchaser admitted that he had not fully decided himself just what use he would make of the property.

We have the record in this case which is three hundred pages long, and from a careful reading of it have not found a shred of any evidence of knowledge by the defendant which would form the basis for the assessment of any of the damages under the rule set forth in *Hadley* v. *Baxendale, supra.* The plaintiff may say that he was prevented by the trial judge from introducing such evidence. This brings us to a consideration of the exceptions which are nine in number. It is not necessary to discuss these in detail. To do so might dignify them as having some possible merit which they do not have. If the evidence excluded had been admitted, the result could not possibly have been changed.

The judge who presided at the trial of this case had infinite patience. Yet he continually admonished counsel for the plaintiff against wasting time.

The jury found that the plaintiff was entitled to the $100 back which he had paid for the option. That was all he was entitled to have, not the amount of special damages claimed in the writ.

*Motion overruled.*

*Exceptions overruled.*