**Arnold PACKARD**

v.

**CENTRAL MAINE POWER COMPANY.**

Supreme Judicial Court of Maine.

Argued March 5, 1984.
Decided May 30, 1984.

Rose L. Duggan (orally), Portland, for plaintiff.

William J. Kayatta, Jr. (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ralph I. Lancaster, Jr., John J. O'Leary, Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

VIOLETTE, Justice.

The plaintiff Arnold Packard appeals from an order of the Superior Court, Kennebec County, granting the defendant Central Maine Power Company's motion for judgment notwithstanding the verdict. The plaintiff also appeals from the court's entry of a directed verdict for the defendant on the plaintiff's abuse of process claim. The defendant cross-appeals, as-

signing error to two rulings made by the presiding justice. Finding no error in the entry of the judgment NOV, or in the directed verdict, we affirm the judgment in all respects. It is therefore unnecessary for us to address the merits of the defendant's cross-appeal.

## I.

On April 7, 1980, a criminal complaint was filed against Arnold Packard, after an investigation by the Cumberland County Sheriff's Department which had been prompted by CMP's representations that it believed Packard had tampered with and bypassed the electric meter on his house and had stolen electricity. Lieutenant Harry Hanscom of the Sheriff's Department signed the complaint, charging Packard with theft of services (17–A M.R.S.A. § 357) and criminal mischief (17–A M.R. S.A. § 806). Packard, who was employed as a deputy in the Cumberland County sheriff's office, was suspended from his job "pending the outcome of the investigation of alleged criminal charges lodged against you by the Central Maine Power Company." The criminal mischief charge was subsequently dismissed, and Packard was acquitted in the Bridgton District Court on the theft charge on May 19, 1980. Packard was reinstated to his Sheriff's Department job on May 22, 1980.

Packard instituted this action on August 8, 1980, alleging three causes of action against CMP. Count I of the complaint charged CMP with malicious prosecution for bringing the criminal complaint against Packard for theft of services; Count II charged CMP with defamation for communicating with Packard's employer regarding the criminal allegations and causing the attendant media publicity; Count III charged CMP with causing Packard extreme mental distress and anxiety during the defense of the criminal charges. In Count IV, Packard sought $5,000,000 in punitive damages. CMP counterclaimed for theft of services, damage to its equipment, and related expenses.

On October 27, 1982, the court granted the plaintiff's motion to amend his complaint by adding a count alleging abuse of process. Subsequently, just before trial, the plaintiff withdrew his malicious prosecution claim.

The plaintiff moved *in limine* to exclude evidence he had taken and failed two polygraph exams—one given during CMP's preliminary investigation of the case, and one given later by the Cumberland County Sheriff's Department. The court granted the motion, despite the defendant's objection.

On January 3, 1983, the 2½ week jury trial began in the Superior Court, Kennebec County. At the close of the plaintiff's evidence, CMP moved for a directed verdict on all three counts of the complaint (abuse of process, defamation, and infliction of emotional distress), and the punitive damages claim. The court granted the motion only as to the abuse of process claim. At the close of all the evidence, CMP moved for a directed verdict on all remaining counts. This motion was denied.

The presiding justice instructed the jury on Packard's claims for defamation and negligent infliction of emotional distress, punitive damages, and CMP's counterclaim for loss of services.

The jury returned a verdict finding the defendant not liable on the defamation claim, and allowed no punitive damages. The jury found CMP liable for negligent infliction of emotional distress, and awarded the plaintiff $20,000 in compensatory damages. The jury also found for the plaintiff on CMP's counterclaim for conversion of services. The court ordered judgment for the plaintiff in the amount of $20,000 on January 19, 1983.

On January 26, 1983, the defendant moved for judgment notwithstanding the verdict, pursuant to M.R.Civ.P. 50(b). After briefing and argument, the court granted CMP's motion, and entered final judgment for CMP on all counts of the complaint and against CMP on its counterclaim.

Packard appeals the entry of judgment NOV and the directed verdict for CMP on the abuse of process claim. CMP cross-appeals, assigning error to the court's exclusion of evidence concerning the two polygraph tests Packard had taken, and to the court's failure to rule Packard a "public official" under the *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), standard, for purposes of the defamation claim.[1]

## II.

■ We note at the outset that the standard of review for testing the propriety of granting a motion of a defendant for judgment notwithstanding the verdict is the same as that for reviewing the grant of a directed verdict for the defendant. *Cox v. Dela Cruz*, 406 A.2d 620, 621 (Me.1979). "[W]e must view the evidence, 'including every justifiable inference,' in the light most favorable to the plaintiff so that we may decide whether by any reasonable view of this evidence a jury verdict for the plaintiff could be sustained." *Boetch v. Rockland Jaycees*, 288 A.2d 102, 104 (Me. 1972). *Accord Everson v. Ham*, 411 A.2d 687, 689 (Me.1980); *Schultz v. Gould Academy*, 332 A.2d 368, 369 (Me.1975).

■ We first address the plaintiff's claim that the court erred in directing a verdict for the defendant on the abuse of process claim. In opposing the motion, the plaintiff argued he had adduced evidence showing CMP had initiated the criminal complaint only after Packard had refused to pay for the electricity CMP claimed he had stolen. The plaintiff alleged this constituted use of the criminal process for collections, and supported his abuse of process claim. The court was not persuaded by the plaintiff's argument, and ordered judgment for the defendant on the abuse of process count. In *Nadeau v. State*, 395

A.2d 107, 117 (Me.1978), we explained that abuse of process is the employment of process in a manner not contemplated by the law. "It differs from malicious prosecution in that it lies for the improper use of process after it has been issued, not for maliciously causing process to issue." *Id.*, quoting *Lambert v. Breton*, 127 Me. 510, 514, 144 A. 864, 866 (1929). "Elements necessary to sustain such an action include 1) a use of the process in a manner not proper in the regular conduct of the proceedings and 2) the existence of an ulterior motive." *Nadeau*, 395 A.2d at 117. *See Goucher v. Dineen*, 471 A.2d 688, 689 (Me. 1984). Even if the plaintiff could prove CMP acted wrongfully in reporting the matter to the law enforcement officials, such evidence is not relevant to an allegation of abuse of process. We have examined the record, and find no reason to disagree with the trial justice's conclusion that the plaintiff did not adduce sufficient evidence that would justify a jury verdict finding CMP had improperly used the criminal process after the complaint had been issued. We therefore affirm the judgment for the defendant on the abuse of process claim.

## III.

■ In reviewing an appeal from an entry of judgment notwithstanding the verdict, it is usually necessary for this court to review the record to see if there is sufficient evidence of facts that would support the jury's conclusion. *E.G., Minott v. F.W. Cunningham & Sons*, 413 A.2d 1325, 1332 (Me.1980); *Gilbert v. Cliche*, 398 A.2d 387, 388 (Me.1979). In the present case, however, we must focus on the trial justice's conclusion that he erred in instructing the jury and that if the instruction had been given properly, the verdict for the plaintiff on the emotional distress claim would not be sustainable. The trial court properly

1. Prior to oral argument, the appellee Central Maine Power Co. moved to dismiss the appeal for want of prosecution, pursuant to M.R.Civ.P. 73(g)(2) and 75B(b). We ordered the parties to argue the motion to dismiss in conjunction with the merits of the appeal. The appellee did not vigorously address the issue at oral argument and in view of our adjudication of the merits of this case, we believe it most expedient to deny the motion to dismiss the appeal.

recognized that CMP's report of its suspicions concerning Packard to the Cumberland County Sheriff's Department was protected by a qualified privilege. Communications made to law enforcement officials for the purpose of aiding in the detection of crime are privileged if made in the belief, based on reasonable grounds, that they are true. *Roche v. Egan*, 433 A.2d 757, 765 (Me.1981); *Boulet v. Beals*, 158 Me. 53, 177 A.2d 665 (1962). Stated otherwise, the accusation of crime is privileged if made "in good faith and without actual malice, ... upon reasonable or probable cause after a reasonably careful inquiry, ... and for the public purpose of detecting and bringing a criminal to punishment." *Elms v. Crane*, 118 Me. 261, 264 (Me.1919) (citations omitted). *Accord Parker v. Kirkpatrick*, 124 Me. 181, 183 (Me.1924).

After instructing the jury on the defamation claim, the court instructed on the claim of negligent infliction of emotional distress:

> In order to prevail on this claim of negligent infliction of emotional distress, the plaintiff must prove by a preponderance of the evidence; one, that the defendant was negligent, that is that the defendant acted or failed to act in a manner which a reasonably prudent person or corporation would act in the management of their affairs taking into account all of the circumstances of this case; two, that emotional distress to the plaintiff was a reasonably foreseeable result of the defendant's negligent act; and, three, that the plaintiff suffered serious emotional distress as a result of the defendant's negligence.

The defendant's motion for JNOV stated the legal issue to be "whether plaintiff can prevail on a negligence claim in this case without showing actual malice." CMP contended that because it could not be found liable to Packard on the defamation claim unless actual malice were shown, neither could it be found guilty of causing Packard emotional distress if it acted merely negligently.

The Superior Court justice found CMP's argument to be persuasive. The court decided that its original jury instructions had been erroneous; the negligent infliction of emotional distress claim should not have been presented as a separate cause of action. The court acknowledged that by allowing recovery against CMP merely on the ground of negligence, the "qualified privilege" given to communications to law enforcement officials is diluted. The court rejected the plaintiff's contention that a claim of negligent infliction of emotional distress can stand alone as a complete, separate, independent cause of action:

> A holding that a cause of negligent infliction of emotional distress, with its very simple elements of proof, can stand alone in all instances, would result in a significant erosion of stricter standards of liability which have been established to govern certain areas of tortious conduct such as defamation or fraud.

We agree with the Superior Court's recognition that no recovery can be had on a claim for infliction of emotional distress unless the defendant is found liable on the underlying tort. Negligent infliction of emotional stress is not an independent tort, but is more properly to be perceived as subordinate to the principal cause of action. *See* W. Prosser, *Law of Torts* § 112, at 761 (4th ed. 1971) ("such damages are insufficient in themselves to make the slander actionable, but once the cause of action is made out without them, they may be tacked on as 'parasitic' to it"). *Accord Hutchinson v. Proxmire*, 579 F.2d 1027, 1036 (7th Cir.1978) ("If the alleged defamatory falsehoods themselves are privileged, it would defeat the privilege to allow recovery for the specified damages [i.e., "intentional infliction of emotional anguish"] which they caused.").

Our holding in *Culbert v. Sampson's Supermarkets, Inc.*, 444 A.2d 433 (Me. 1982), in which we adopted the "foreseeability" test for recovery for mental distress claims, is in no way abrogated by the result we reach here. In *Culbert* we held,

"a bystander may recover damages for serious mental distress foreseeably resulting from witnessing another person *harmed by the tortfeasor's negligent act.*" *Id.* at 438 (emphasis added). Implicit in that holding is the establishment of the wrongdoer's liability on the underlying tort as a condition precedent to recovery on the mental distress claim.

 Because the jury in the present case found CMP not liable on the plaintiff's defamation claim, it was not possible for the plaintiff to recover on his negligent infliction of emotional distress claim. The Superior Court justice was correct in recognizing that he should not have presented the negligent infliction of emotional distress claim to the jury as an independent cause of action. Granting the defendant's motion for judgment notwithstanding the verdict was therefore appropriate to remedy the error.

The entry is:

Judgment affirmed.

All concurring.