Raymond JOHNSON

v.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued March 10, 1986.

Decided March 31, 1986.

Shortill & Shortill, P.A., Thomas F. Shortill, (orally), Sanford, for plaintiff.

Verrill & Dana, John W. Philbrick, (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

Plaintiff Raymond Johnson appeals from a summary judgment entered in Superior Court (York County) in favor of defendant John Hancock Mutual Life Insurance Company. Plaintiff brought suit on a disability insurance contract and contends on appeal that summary judgment was improper because a genuine issue of fact exists whether he had a recurrent disability that would entitle him to further benefits. We find no merit in his argument and deny the appeal.

The complaint contains the following allegations. On March 20, 1978, plaintiff obtained coverage under a group disability policy in connection with a mortgage transaction on his residence. On September 16, 1980, while the policy was in effect, plaintiff was seriously injured in an accident in Dayton, and his right leg had to be amputated just below the knee. Defendant paid him benefits for eighteen months after the accident, in accordance with the insurance contract. Plaintiff attempted to resume working on December 22, 1981, but worked only on that day and has not been able to work since then. He alleged in the complaint and testified at his deposition that he was completely disabled as a result of the accident and the loss of his leg. At the deposition, plaintiff testified that since the accident, he had suffered other injuries, namely, an ulcer.

Plaintiff challenges the summary judgment by arguing that the insurance contract is ambiguous and that he suffers from a recurrent disability, thus obligating defendant to pay additional benefits. Summary judgment is proper if the facts before the Superior Court, including pleadings and depositions, show that there is no genuine issue as to a material fact and that a party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c). The insurance contract provides in relevant part that:

If the Insured Person ... becomes wholly and continuously disabled by accidental bodily injury or by sickness, and is prevented by such disability from performing each and every duty of his occupation ... for a period of more than thirty consecutive days, the Company will pay to the Policyholder ... for each day in such period on which such person remains so disabled, commencing with the thirty-first day of such period, a Daily Benefit; ... provided, however, that the liability of the Company under this Disability Benefit is limited to payment of such benefits for a period of not more than eighteen months in connection with any one period of continuous disability. If the Insured Person suffers a recurrent disability arising out of the same cause or causes of a previous disability before the expiration of six consecutive months after the date of termination of such previous period of disability, the liability of the Company in connection with such subsequent period of disability shall be limited to the remaining portion of said eighteen-month period of benefits not exhausted during such prior period or periods of disability. If the full eighteen months of benefits be exhausted, no benefit shall be payable under the Policy in connection with any subsequent period of disability which arises out of the same cause or causes as the prior disability, and less than six months after termination of the prior period of disability. If the Insured Person becomes disabled as a result of a recurrent disability more than six months after the end of a prior period of disability, such recurrent disability shall be deemed to be a new disability.

Plaintiff is clearly precluded from recovering additional benefits under this contract. The terms "disability" and "recurrent disability" are not ambiguous, and we thus interpret them according to their plain, commonly accepted meaning. *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1198 (Me.1985). The Superior Court concluded that the amputated leg resulted in permanent and continuous disability. Plaintiff himself maintained in the complaint and at his deposition that he has been continuously disabled. His one day return to work does not separate two periods of recurrent disability as he maintains; even if it did, plaintiff would not be entitled to further benefits because the contract specifies that a period of at least six months must elapse between prior and subsequent disabilities arising out of the same cause. Finally, even if plaintiff's ulcers constituted a new disability, plaintiff is still precluded by the first sentence of the quoted excerpt from recovering additional benefits because his original disability is continuous. We therefore conclude that the Superior Court correctly granted defendant's motion for summary judgment.

The entry is:

Judgment affirmed.

All concurring.