**Marion GILLCHREST**

v.

**Cameron M. BROWN and North East Insurance Co.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1987.
Decided Oct. 28, 1987.

Terry W. Calderwood (orally), Cathy G. Morgan, Calderwood, Ingraham & Gibbons, Camden, for plaintiff.

Christopher C. Dinan (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

This appeal involves the interpretation of the "each person" limitation of an automobile liability insurance policy and its application to a claim for loss of consortium.

Marion Gillchrest's husband, Wendell, was severely injured in an accident involving a car driven by Cameron M. Brown, an insured of North East Insurance Company. Mr. Brown's liability policy issued by North East set maximum limits of $20,000 for "each person" and $40,000 for "each accident." The policy described those limits as follows:

> The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for *all damages for bodily injury sustained by any one person* in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.

(Emphasis added) In their complaint in this action the Gillchrests sought money damages from Brown for Wendell's bodily injuries and for Marion's resulting loss of consortium, and in a final count asked for a declaratory judgment against North East that for purposes of determining the amount of the North East insurance coverage available to satisfy a judgment recovered by Marion, the "each person" limit should be applied to her separately from Wendell. The parties settled Wendell's part of the suit, reserving for court disposition Marion's claim for loss of consortium. They later stipulated that Marion was entitled to judgment for $18,000 on her consortium claim; that North East in settling with Wendell had exhausted the full $20,000 of its "each person" coverage; and that Marion's judgment for $18,000 is payable only from North East insurance proceeds, and then only if Marion's consortium claim is not to be considered jointly with Wendell's claim in applying the $20,000 "each person" limit under the North East policy.

The Superior Court entered summary judgment in Marion's favor, declaring that Marion's consortium claim is limited only by the $40,000 "each accident" limitation of the North East policy. North East appeals, contending that the Superior Court misread the controlling provision of the insurance policy, which is quoted above. We agree.

The language of an insurance policy is ambiguous only if it is reasonably susceptible of more than one interpretation. *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1189 (Me.1985). We find no ambiguity in the controlling language of the North East policy, when it is interpreted according to its plain and commonly accepted meaning. *See Johnson v. John Hancock Mut. Life Ins. Co.*, 507 A.2d 559 (Me. 1986). The $20,000 limitation covers "all damages for bodily injury sustained by any one person." Simple analysis of that language leads to only one interpretation: the phrase "sustained by any one person" modifies the immediately preceding words "bodily injury," and not the earlier words "all damages." Thus the "each person" limit should be read to apply to "all damages [arising out of the] bodily injury [that is] sustained by any one person."

By its nature Marion Gillchrest's loss of consortium is not itself a bodily injury to her. Rather her loss of consortium arises out of, and is derivative from, the bodily injury sustained by her husband. That "consequential injury is to [Marion's] psychic interests rather than to [her] physical person or tangible property." *Durepo v. Fishman*, 533 A.2d 264, 264 (Me. 1987) (quoting *Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or. 543, 548, 652 P.2d 318, 321 (1982)) (loss of parental consortium). *See also Sawyer v. Bailey*, 413 A.2d 165, 166 (Me.1980) ("right of consortium ... grow[s] out of the marriage relationship"). Since Marion's claim is not one for bodily injury to herself but is merely derivative from the bodily injury of her husband, her claim is subject to the same single $20,000 "each person" limitation as her husband's claim for his own bodily injuries. *See Lepic v. Iowa Mut. Ins. Co.*, 402 N.W.2d 758 (Iowa 1987) (identical policy language), and cases cited therein.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment for defendants.

All concurring.