Luis SANCHEZ, Jr., et al., Plaintiffs,

v.

**SUNDAY RIVER SKIWAY CORP., Defendant.**

**Civ. No. 92–128–P–C.**

United States District Court, D. Maine.

Sept. 28, 1992.

Philip Buckley, Rudman & Winchell, Bangor, Me., for plaintiffs.

· Evan M. Hanson, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

Defendant Sunday River Skiway Corporation has moved to dismiss all counts of

reimbursement from DHS if the service is deter- · mined to be an emergency service.

Plaintiffs' Complaint arguing that they have failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Plaintiffs' Complaint alleges that Sunday River was negligent in failing to groom and clear the trail (Count I) and negligent in failing to mark or pad an obstruction (Count II). The Complaint also alleges that Plaintiffs suffered emotional distress (Count III) and loss of companionship (Count IV) as a result of Sunday River's negligent conduct. Finally, Plaintiffs assert that they sustained damages as a result of Defendant's breach of contract (Count V). For the reasons that follow, the Court will grant the motion with regard to Counts III, IV, and V, and deny the motion with regard to Counts I and II.

The pertinent allegations in Plaintiffs' Complaint are as follows. On January 14, 1992, minor Plaintiff, Luis Sanchez, Jr., was seriously injured while skiing at Sunday River Ski Resort in Newry, Maine.[1] Luis Jr. was accompanied by his father, Luis Sanchez, Sr., and a family friend. Father and son were on their initial ski run of the day on a trail called "American Express" when Luis Jr. struck a patch of ice and fell, sliding downward on the slope. As he fell, his right leg hit a tree stump protruding from the snow. The stump was unmarked and at least 30 feet into the ski trail.

To resolve Sunday River's Motion to Dismiss, the Court must accept as true all factual allegations in the Complaint, construe them in favor of Plaintiffs, and decide whether, as a matter of law, Plaintiffs could prove any set of facts which would entitle them to relief. *See Roeder v. Alpha Industries, Inc.*, 814 F.2d 22, 25 (1st Cir. 1987); *Gott v. Simpson*, 745 F.Supp. 765, 768 (D.Me.1990). Sunday River asserts a number of separate arguments in support of its Motion to Dismiss. As each argument addresses different counts, the Court will discuss each separately.

### I.

Count I alleges that Sunday River was negligent in its operation and maintenance of the ski area by failing to groom and clear the ski trail of the stump.[2] Count II alleges that Sunday River was negligent in its operation and maintenance of the ski area by failing to mark or pad an obstruction in the trail.[3] Sunday River argues that these claims must fail because Maine's "Skiers' and Tramway Passengers' Responsibilities" statute, 26 M.R.S.A. § 488 (1988), does not permit recovery for injuries caused by inherent risks of skiing, such as ice and stumps.[4]

Skiing is a sport that involves certain risks. In recognition of that fact, the Maine Legislature has enacted a statute which limits the scope of liability of ski area operators. The statute provides in pertinent part that:

> each skier who participates in the sport of skiing shall be deemed to have assumed the risk of the dangers inherent in the sport and assumed the legal responsibility for any injury to his person or property arising out of his participation in the sport of skiing.

26 M.R.S.A. § 488. But the statute then makes an important exception to this assumption of the risk: "unless the injury or death was actually caused by the negligent operation or maintenance of the ski area by the ski area operator, its agents or employees." *Id.* Thus, although ski area liability

---

1. Sanchez is a resident of Massachusetts; Sunday River Skiway Corp. d/b/a Sunday River Ski Resort is a corporation organized under the laws of Maine. Thus, the basis for jurisdiction in this case is diversity of citizenship, 28 U.S.C. § 1332 (1988).

2. Count I is brought by Luis Jr.'s parents, Luis Sanchez Sr. and Manuela P. Su, in their individual capacities, as well as on behalf of Luis Jr.

3. Count II is also brought by Luis Jr.'s parents, Luis Sanchez, Sr. and Manuela P. Su, in their individual capacities, as well as on behalf of Luis Jr.

4. Sunday River relies on a number of statutes and decisions from other jurisdictions in an attempt to show that this injury was caused by an "inherent risk" of the sport. Because the statutes vary in their wording and because the language of the Maine statute is clear on its face, it is unnecessary to discuss those other statutes and decisions in order to resolve this Motion to Dismiss.

is limited, the statute does not prohibit lawsuits for "negligent operation or maintenance" of a ski area.

Count I, which alleges negligent grooming or clearing of the trail, raises the issue of negligent operation or maintenance, and such a claim is specifically permitted by statute. Count II, alleging failure to properly mark and pad the obstruction in the ski slope, also raises the issue of negligent operation or maintenance of the ski slope. Thus, Count II is similarly permitted by 26 M.R.S.A. § 488.

## II.

■ Next, Sunday River contends that Count III, negligent infliction of emotional distress, and Count IV, loss of companionship, brought by Luis Jr.'s parents, Luis Sr. and Manuela P. Su, in their individual capacities, as well as Count V, breach of contract, asserted by Luis Sr. on his own behalf, should be dismissed because they are barred by the statute of limitations governing claims against ski areas. *See* 14 M.R.S.A. § 752–B (1980). Plaintiffs' claims for emotional distress, loss of companionship, and breach of contract arise out of, and are derivative of, the bodily injury allegedly sustained by Luis Jr. *See Gillchrest v. Brown*, 532 A.2d 692, 693 (Me. 1987) (wife's loss of consortium claim derivative from husband's bodily injury); *Packard v. Central Maine Power Co.*, 477 A.2d 264, 268 (Me.1984) ("Negligent infliction of emotional stress is not an independent tort, but is more properly to be perceived as subordinate to the principal cause of action."). As such, these claims are subject to the same statutory defenses as those which could be asserted against Luis Jr.'s primary claim. *See Box v. Walker*, 453 A.2d 1181, 1183 (Me.1983).

■ The Defendant concedes that because Luis Jr. is a minor, 14 M.R.S.A. § 853 (Supp.1992) tolls the statute of limitations as applied to his claims so they are not time-barred.[5] His parents, however, cannot take advantage of that savings section. *See Stanczyk v. Keefe*, 384 F.2d 707, 708 (7th Cir.1967). The statute of limitations applicable to the parents' claims provides that all civil actions for property damage, bodily injury or death against a ski area owner or operator arising out of participation in skiing shall be commenced within two years after the cause of action accrues. 14 M.R.S.A. § 752–B. Plaintiffs' cause of action accrued on January 14, 1990. The Complaint was filed with this Court on March 30, 1992, more than two years after the action accrued.[6] Plaintiffs provide no basis for extending the statute of limitations. Accordingly, Luis Sr.'s and Ms. Su's claims for emotional distress and loss of companionship, as well as Luis Sr.'s breach of contract claim, must be dismissed.

## III.

■ Finally, Sunday River contends that Luis Jr.'s claim for breach of contract should be dismissed because the Complaint fails to allege any specific contractual terms which vary its duty from that suggested by the Maine statute. The Complaint alleges that the payment of money to Sunday River was an offer to use the facilities and that by accepting the money, Sunday River agreed to provide a "safe and acceptable [ski] area." Plaintiffs do not allege that Sunday River expressly agreed to these terms. They argue, rather, that when Sunday River accepted the money and provided a ticket, it impliedly agreed to provide a safe ski area.

---

5. 14 M.R.S.A. § 853 provides:
   If a person entitled to bring any of the actions under sections 752 to 754, including section 752–C, and 851, 852 and Title 24, section 2902 is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.

6. A federal court sitting in diversity looks to state law to determine when an action is commenced for purposes of the state's statute of limitations. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). Under Maine law an action is commenced "when the summons and complaint are served or when the complaint is filed with the court, whichever occurs first." 14 M.R.S.A. § 553 (1980).

"Contractual recovery is predicated in the first instance upon a consensual obligation between two or more parties." *Adams v. Buffalo Forge Co.*, 443 A.2d 932, 938 (Me.1982). "Tort recovery on the other hand, does not rest upon a consensual relationship between the parties.... Rather, in tort, liability is grounded upon the *status* relationship between the parties." *Id.* In tort, the status relationship does not stem from an agreement between the parties; instead, it is created "when the requisite events necessary to support a cause of action in negligence merge—which occurs at 'the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication.'" *Id.* (quoting *Williams v. Ford Motor Co.*, 342 A.2d 712, 714 (Me.1975)). The Complaint in this case is entirely insufficient to transform an ordinary negligence action into an action based in contract in which Sunday River has agreed to insure the safety of its patrons.[7] Thus, Plaintiff Luis Jr.'s claim for breach of contract must also be dismissed.

Accordingly, Defendant's Motion to Dismiss Counts I and II of Plaintiffs' Complaint is DENIED; Defendant's Motion to Dismiss Counts III, IV, and V is GRANTED; and it is hereby SO ORDERED.

---

**7.** The within case does not mean that there can never be an action for bodily injury based in contract against a ski area. A ski area may, by express contract, agree to provide a safe area in which to ski. In such instances, an action in contract may lie against the owner or operator. In the absence of any special warranty or contract, however, an action for bodily injury against a ski area owner or operator is an action in tort. In the instant case, Plaintiffs do not allege that they were given any special warranty by Sunday River. The Court has "no duty to 'conjure up unpled allegations', in order to bolster Plaintiffs' chances of surviving a 12(b)(6) motion to dismiss." *Fleet Credit Corp. v. Sion*, 893 F.2d 441, 444 (1st Cir.1990) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).