STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   CV-11-059
PAF - YOR- 12/6/2011

CARA ST. LOUIS-FARRELLY,
Personal Representative of the
Estate of Constance Orendorf,

Plaintiff

v.

**ORDER AND DECISION**

WALTER FLEURY and
LIBERTY MUTUAL INSURANCE
CO.,

Defendants

Cara St. Louis-Farrelly is the daughter of Constance Orendorf who was struck and killed while crossing Main Street in Saco on July 11, 2010 by a vehicle driven by the defendant Walter Fleury.   Ms. St. Louis-Farrelly as personal representative of the estate of her mother has brought suit against Mr. Fleury and his insurance carrier Liberty Mutual Insurance Co.

The complaint contains two counts, Count I is a wrongful death claim pursuant to 18-A M.R.S.A. §2-804.   Count II seeks a declaratory judgment that Mr. Fleury's insurance policy with Liberty Mutual should be construed to permit separate recoveries of up to $50,000 for both the losses suffered by Ms. Orendorf and for the loss of the comfort, society and companionship of Ms. Orendorf suffered by Ms. St. Louis-Farrelly. Liberty Mutual has paid $50,000 to the estate for Ms. Orendorf's claim but denies that it has any obligation to make an additional payment to Ms. St. Louis-Farrelly.

Liberty Mutual has filed a motion for summary judgment on Count II which has been briefed and argued. Mr. Fleury had a policy which required Liberty Mutual to "... pay damages for 'bodily injury' ... for which any 'insured' becomes legally responsible because of an auto accident ...". "Bodily injury" was defined as "bodily harm, sickness or disease, including death that results." The coverage limit for bodily injury was $50,000 each person and $100,000 each accident. The policy also included an endorsement called SPLIT LIABILITY LIMITS which stated, "The limit of liability shown in the Schedule or in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one auto accident."

Liberty Mutual and the plaintiff disagree as to whether the plaintiff can recover separately for her own losses independent of her recovery on behalf of the estate of her mother's losses. The dispute will be resolved by interpreting the Split Liability Limits provision and a decision of the Law Court. *Gillchrest v. Brown*, 532 A.2d 692 (Me. 1987) interpreted a similar "each person" provision in the context of a loss of consortium claim. Mr. Gillchrest, as the physically injured person, settled his claim for the maximum "each person" limit. His wife had brought a separate claim for loss of consortium. The Law Court ruled against her finding, at 693, "Thus the 'each person' limit should be read to apply to 'all damages [arising out of the] bodily injury [that is] sustained by any one person.'"

The Law Court went on to state, at 693, "By its nature Marian Gillchrest's loss of consortium is not itself a bodily injury to her. Rather her loss of consortium arises out of, and is derivative from, the bodily injury sustained by her husband." That reasoning applies equally well here. The plaintiff's very real and very significant

2

psychological losses result not from a bodily injury that she suffered by being hit by Mr. Fleury's vehicle, but from the bodily injury and death of her mother.

The policy was written to provide a maximum coverage of $100,000 for bodily injury regardless of the number of people injured in a collision while limiting the recovery in any individual claim for bodily injury to $50,000. Since only one individual, Ms. Orendorf, suffered a bodily injury Liberty Mutual is correct in its interpretation of its policy. Decisions of Magistrate Judge Kravchuk in *State Farm Mutual Automobile Insurance Co. v. Hall*, 2005 WL 58100 (D.Me) and of Justice Hjelm in *New Hampshire Indemnity Co. v. Dunton*, 2003 WL 1618563 (Me. Super) support this result.

The entry is:

Judgment for the defendant Liberty Mutual Insurance Co. on Count II of the complaint. The maximum liability of the defendant Liberty Mutual Insurance Co. for bodily injuries suffered by Constance Orendorf is $50,000.00.

Dated:     December 8, 2011

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
THOMAS L DOUGLAS, ESQ.
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME    04104-5085

ATTORNEY FOR DEFENDANT WALTER FLEURY:
JAMES C HUNT
ROBINSON KRIGER & MCCALLUM PA
TWELVE PORTLAND PIER
PORTLAND ME    04101-4713

ATTORNEYS FOR DEFENDANT:    LIBERTY MUTUAL GROUP INC
JOHN WHITMAN
HEIDI J HART
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME    04112-9545