SHIRLEY SACKETT & others[1] *vs*. ST. MARY'S CHURCH SOCIETY & another.[2]

Essex. June 3, 1983. — May 31, 1984.

Present: GREANEY, C.J., ARMSTRONG, & DREBEN, JJ.

*Dead Body. Negligence,* Funeral home, Cemetery, Emotional distress. *Contract,* Funeral, Performance and breach, Emotional distress. *Emotional Distress,* Dead body.

Discussion of the scope of potential recovery, on theories of contract and tort, against the owner of a cemetery or funeral home for mental distress to next of kin resulting from negligent handling of a dead body. [188-189]

In an action against the owners of a funeral home and a cemetery seeking damages, on contract and tort theories, for mental distress resulting when the casket containing the body of a close relative of the plaintiffs was caused to fall into an open grave, summary judgment was appropriately ordered where the materials before the judge made no evidentiary showing that the defendants had been negligent in maintaining or operating the mechanical lowering device whose failure caused the mishap. [189-190]

CIVIL ACTION commenced in the Superior Court Department on November 6, 1980.

The case was heard by *Alberti, J.,* on a motion for summary judgment.

The case was submitted on briefs.

*William B. Parnell* for the plaintiffs.

*Fredric S. O'Brien, Robert V. O'Sullivan & Mark A. McComiskey, Jr.,* for St. Mary's Church Society.

*John D. Hackett* for John Breen Memorial Funeral Home, Inc.

[1] Marlene Brown and Joanne Davies. The plaintiffs are sisters.

[2] John Breen Memorial Funeral Home, Inc., an undertaking establishment. The defendant St. Mary's Church Society is said to be a charity and the owner and manager of the cemetery referred to in the opinion. We assume, as do the parties, that the society is sui juris.

ARMSTRONG, J. Pursuing both tort and contract theories of recovery, the plaintiffs sought damages for mental distress, unaccompanied by physical injury, as a result of an untoward incident following the funeral of their father. The funeral had been in the morning, ending with a brief graveside committal service. The casket was not lowered into the grave, however, because the family (the plaintiffs' two brothers and another sister) wished a rearrangement of coffins within the family plot. To accomplish that, another gravehole was dug next to the first. By midafternoon funeral home personnel returned the casket to the gravesite and assisted cemetery workers in positioning the casket on the lowering device. When the lowering started, the straps of the device suddenly released, and the casket fell, apparently headfirst, into the hole and landed on its side in the adjoining grave. The workers then righted the casket and completed the interment.

The mishap had been witnessed, not by the immediate family, but by two nephews of the plaintiffs, who told the rest of the family. The family then sought exhumation, which took place two days later. It revealed damage to the casket and disarrangement of the remains, all of which was viewed by the plaintiffs. The remains were transferred to another casket approved by the family and reinterred without further incident. All costs of exhumation and reinterment, including the new casket, were borne by the defendants. Subsequent examination of the lowering device revealed that its gears had broken.

The defendants sought and obtained summary judgment on both the contract and the tort counts: the former as an application of the rule that damages for mental suffering are generally not recoverable in an action for breach of contract, *McClean* v. *University Club*, 327 Mass. 68, 76 (1951); and the latter as an application of the rule that mental or emotional distress is not generally a basis for recovery unless it is either the result of physical harm or the cause of physical harm, *DiGiovanni* v. *Latimer*, 390 Mass. 265, 271 (1983), or is the result of intentional or reckless conduct of an extreme and outrageous nature, *Agis* v. *Howard Johnson Co.*, 371 Mass. 140, 144-145 (1976); *Simon* v. *Solomon*, 385 Mass. 91, 95-97 (1982).

The plaintiffs rely on several cases from other jurisdictions which have allowed recovery for mental distress, unaccompanied by physical harm, resulting from negligent handling of human remains. See, e.g., *Allen* v. *Jones*, 104 Cal. App. 3d 207, 214 (1980); *Renihan* v. *Wright*, 125 Ind. 536, 546-547 (1890); *Lamm* v. *Shingleton*, 231 N.C. 10, 15 (1949). The position taken in those cases is supported by the Restatement (Second) of Torts § 868 (1979). Other courts have adhered to more limited bases of recovery, typically allowing recovery for mental distress alone where the mishandling involved intentional or reckless conduct, see *Fitzsimmons* v. *Olinger Mortuary Assn.*, 91 Colo. 544, 550 (1932); *Kirksey* v. *Jernigan*, 45 So. 2d 188, 188-189 (Fla. 1950); *Papieves* v. *Kelly*, 437 Pa. 373, 379 (1970), but requiring resultant physical harm where the conduct was merely negligent, see *District of Columbia* v. *Smith*, 436 A.2d 1294, 1296 (D.C. 1981); *Dunahoo* v. *Bess*, 146 Fla. 182, 184-186 (1941); *Daniels* v. *Adkins Protective Serv.*, 247 So.2d 710, 711 (Miss. 1971); *Grill* v. *Abele Funeral Home, Inc.*, 69 Ohio App. 51, 53 (1940). See, generally, Annot., 17 A.L.R. 2d 770 (1951) (in particular, § 2 at 771), as updated by the Later Case Service through 1983. The courts recognizing the more limited bases of recovery reflect the present state of development of general Massachusetts tort law, as recently expounded in *Payton* v. *Abbott Labs*, 386 Mass. 540, 548-557 (1982), and *DiGiovanni* v. *Latimer*, 390 Mass. at 271-272 and 273.

The plaintiffs argue that the special nature of the funeral contract should entitle them to recover damages on a contract theory which go beyond what they might recover in tort; that the provision of peace of mind to the next-of-kin is at the heart of the contract;[3] and that, except in unusal cases, the damages that result from breaches of the contract will not be pecuniary in nature, as in most contracts, but will be solely to the sensi-

---

[3] This conception of the implied provision of the contract may be overstated; we are inclined to think that the defendants' implied obligations under the contract may be limited to performing the usual functions of preparation and interment in workmanlike fashion and to handle all aspects of the work with dignity and due care.

bilities of the next-of-kin. The last point is doubtless true, and might well justify (as the plaintiffs urge) analogizing contracts of this type to those of the innkeeper (see *Frewen* v. *Page*, 238 Mass. 499, 504-505 [1921], and *McClean* v. *University Club*, 327 Mass. at 76) or the common carrier (see *Bryant* v. *Rich*, 106 Mass. 180, 190 [1870]), where damages for mental distress have been recovered in actions for breach of contract. But the acts which constituted breach in those cases were intentional, rather than negligent, and thus the cases are somewhat more analogous to the *Agis* line of authority. While the duty of the defendants may have its origin in contract, the damages for mental distress recoverable in contract would probably be governed by the principles of tort and would not exceed those recoverable under the rules applicable to negligence actions. See *Higgins* v. *Emerson Hosp.*, 367 Mass. 714, 716 (1975); *Scandura* v. *Trombly Motor Coach Serv., Inc.*, 370 Mass. 612, 618 (1976); *Thomas* v. *Massachusetts Bay Transp. Authy.*, 389 Mass. 408, 409-410 (1983). See also *Sullivan* v. *O'Connor*, 363 Mass. 579, 587-588 (1973). As to the scope of recovery in tort, the decision of the Supreme Judicial Court in *O'Dea* v. *Mitchell*, 350 Mass. 163, 165 (1966), suggests that that court is not inclined to adopt a special rule applicable to cases of this type.[4]

This does not mean that acts of negligence by the defendants, leading to embarrassing incidents during their conduct of funeral and interment proceedings, could not be the foundation of an action for breach of contract even where, as here, the remains of the decedent are ultimately interred in a correct and dignified manner. However, the depositions and affidavits before the court at the time of the motion for summary judgment did not make the requisite evidentiary showing of negligence in

---

[4] The plaintiffs in the *O'Dea* case, sons of a decedent who sued the proprietor of a funeral home for improper acts, sought damages solely for mental anguish. A demurrer was sustained for reasons not applicable here; but the court indicated that mental anguish would not be recoverable in any event, citing *Spade* v. *Lynn & Boston R.R.*, 168 Mass. 285, 290 (1897). While the *Spade* case is no longer followed (see *Dziokonski* v. *Babineau*, 375 Mass. 555 [1978]), the *O'Dea* case showed an inclination to apply the then generally applicable damages rules to this type of action.

fact. There was a suggestion that the workers appeared to be working hurriedly but not showing that haste was related to the breakage of the gears in the lowering device. There was uncontradicted evidence that the lowering device had functioned properly the day before, and there was no showing that the ten months' period since its last factory service was inordinately long or contributed to the mishap. If it be conceded that the workmen may not have used the best judgment in righting the coffin and completing the interment without heeding the alleged advice of the plaintiffs' twelve-year-old nephew that they first inspect for damage, we are disinclined to permit such an error of judgment, in a non-public portion of the interment proceedings, to be the foundation of an action for breach of contract where the error of judgment was wholly rectified by the defendants' exhumation of the casket and the reinterment at their own expense in reasonably prompt fashion. We add only that the allegations of the plaintiffs' complaint that they were required to pay for the additional services necessitated by the mishap were not substantiated at the summary judgment stage and that no showing has been made that the partial payment the plaintiffs made toward the agreed cost of the funeral exceeded the value of the services received in return.

*Judgment affirmed.*