MAYRA SANTANA & others[1] *vs*. REGISTRARS OF VOTERS OF
WORCESTER & another.[2]

Worcester. October 7, 1986. — December 31, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Elections,* Voter registration. *Civil Rights,* Voting, Damages. *Damages,*
Civil rights, Emotional distress, Nominal damages.

A judge was not plainly wrong in concluding that, although a city's registrars
   of voters had acted wrongfully in depriving certain persons of their right
   to vote, the registrars' violation of G. L. c. 51, §§ 10A and 59, was
   neither wilful nor malicious, and consequently gave rise to no Federal
   cause of action under the Federal civil rights statute, 42 U.S.C. § 1983
   (1976). [865]
In an action against a city and its registrars of voters, alleging a wrongful
   deprivation the right to vote, the plaintiffs did not state a constitutionally
   based cause of action entitling them to recover damages under the Federal
   civil rights statute, 42 U.S.C. § 1983 (1976), where the judge was
   warranted in finding that the registrars' action had been the result of a
   misapprehension of their duties under G. L. c. 51, §§ 10A and 59, and
   did not amount to intentional or wilful discrimination against the plain-
   tiffs. [866]
In an action against a city and its registrars of voters, by plaintiffs who
   alleged that they had been wrongfully deprived of their right to vote,
   the plaintiffs demonstrated no basis under State law for the award of
   more than nominal damages, where the judge was not plainly wrong in
   finding that they had suffered neither financial loss nor physical or
   emotional injury. [866-870]

[1] The other plaintiffs are Rose Maldonado and Jeffrey Jenkins on behalf
of themselves and all other persons similarly situated. The plaintiff-interven-
ers are Anthony Pellegrino, Coleen Maloney (née Bajorin), Gordon Davis,
and Sharon Donahue.

[2] The defendants, John W. Spillane, Robert J. O'Keefe, Robert P. Reidy,
and Joseph W. McDonough are sued both individually and in their official
capacity as registrars of voters of the city of Worcester. The city of Worcester
is also a party defendant.

CIVIL ACTION commenced in the Superior Court Department on July 29, 1980.

Following the decision of this court reported in 390 Mass. 353 (1983), a hearing with respect to damages was held before *Robert V. Mulkern,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Steven Kommel* (*Nancy Rae & Stephen Gordon* with him) for the plaintiffs.

*James F. Bergin,* Assistant City Solicitor, for the defendants.

LYNCH, J. The voter registration process in the city of Worcester has been the subject of two earlier appeals in this court involving the same parties. See *Santana* v. *Registrars of Voters of Worcester,* 390 Mass. 353 (1983) (*Santana II*); *Santana* v. *Registrars of Voters of Worcester,* 384 Mass. 487 (1981) (*Santana I*). Here, the plaintiffs appeal from a decision of the Superior Court awarding nominal damages on their claims for denial of the right to vote in violation of State and Federal law. The facts of the dispute have been set out previously in *Santana I, supra.* There was no error.

In *Santana I, supra* at 492, this court recognized the plaintiffs' causes of action under State law for deprivation of the right to vote, and under 42 U.S.C. § 1983 (1976),[3] for systematic and wilful deprivation of the right to vote. On August 6, 1982, the trial judge granted partial summary judgment in favor of the plaintiffs.

The trial judge held that the defendants had failed to comply with G. L. c. 51, § 59, in not making voter certification procedures available to persons other than those who could demonstrate that their removal from the voting lists was due to the defendants' clerical error. The judge held that such a policy

---

[3] Title 42 U.S.C. § 1983 (1976) provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress."

resulted in the plaintiffs' "being wrongfully denied the right to vote." The trial judge also held that the defendants had failed to comply with G. L. c. 51, § 10A, in failing to furnish blank forms to multidwelling unit owners for the purpose of the owners' listing the residents of those units. The judge granted injunctive relief and ordered that a hearing be held on the issue "of the amount of damages, if any, which should be assessed." That order was affirmed by this court in *Santana II, supra.*

This appeal arises from the judge's decision on the issue of damages. The plaintiffs each sought $25,000 in compensatory damages and $25,000 in punitive damages. At a hearing before the judge, the plaintiffs introduced evidence that the defendants' actions had caused them to become upset, angry, humiliated, distraught, frustrated and embarrassed. One plaintiff complained of a pounding headache while another said she now feels nervous, anxious and fearful when going to vote. The judge found that each plaintiff was angry and inconvenienced but that none of the plaintiffs suffered financial loss or physical or emotional injury. As a result, he awarded nominal damages and denied the plaintiffs' request for compensatory or punitive damages. He also found that none of the defendants acted with malice nor was any guilty of intentional wrongdoing, but rather that their actions stemmed from a misinterpretation of the provisions of G. L. c. 51, §§ 10A and 59. The judge held that the defendants' "misapprehension" regarding the law did not rise to the level of a constitutional claim under 42 U.S.C. § 1983 (1976), and, while the plaintiffs were deprived of the right to vote in at least one election, they had "not established a solid base of fact upon which to award compensatory damages." Exemplary damages were also denied.

The plaintiffs claim that the trial judge's finding of no malice or intentional wrongdoing on the part of the defendants was clearly erroneous. The plaintiffs claim further error in the judge's conclusion that, absent malice or intentional wrongdoing, there was no support for an action under 42 U.S.C. § 1983. Additionally, the plaintiffs claim that the judge erred in awarding only nominal damages, in denying compensatory damages

because of lack of malice or wilfulness in the defendants' conduct, and for not awarding "presumed" damages based on the deprivation of the right to vote per se.

1. *Plaintiffs' Claim Under Federal Law.*

A. *Malice and intentional deprivation.* The plaintiffs initially challenge the trial judge's factual finding that there was no malice or any intentionally wrongful conduct on the part of the defendants. While the defendants' interpretation of the State statutes at issue in this case was plainly wrong, we cannot say that the judge's failure to find that the registrars acted maliciously or with the intent to wilfully deprive the plaintiffs of their right to vote was clearly erroneous. The plaintiffs' claim that, because the defendants chose not to testify, they did not rebut the plaintiffs' prima facie showing of a constitutional violation. The plaintiffs did not make such a showing. As will be discussed below, the defendants' actions do not rise to the level of a constitutional violation unless wilful or intentional. Not only did the trial judge have the benefit of presiding at the hearing on damages, but he was also involved with the case in its earlier stages. He was entitled to draw inferences regarding lack of malice or wilfulness from the evidence before him at all stages of the case. Further, the plaintiffs have the ultimate burden of proving wilful or intentional conduct.

In his grant of partial summary judgment, the trial judge concluded that the defendants failed to comply with G. L. c. 51, §§ 10A and 59, and thus the plaintiffs were "wrongfully denied the right to vote." This does not, however, bar the trial judge from concluding that the defendants did not act with malice or intentional disregard of the plaintiffs' rights, and that the defendants' actions were not actionable under 42 U.S.C. § 1983 (1976). Ordinarily malice or intent must be inferred. In this case it was not error for the judge to decline to draw such an inference. There was evidence that the defendants' actions stemmed from their misinterpretation of G. L. c. 51, §§ 10A and 59, rather than from animosity against the plaintiffs by the defendants. The judge's finding was not clearly erroneous.

B. *Constitutional violation cognizable under 42 U.S.C. § 1983 (1976)*.

It is well established that the right to vote in both State and Federal elections is guaranteed by the United States Constitution. *Reynolds* v. *Sims,* 377 U.S. 533, 554 (1964). See also *Swift* v. *Registrars of Voters of Quincy,* 281 Mass. 271, 276-277 (1932). Lower Federal courts have held, however, that not every irregularity in election procedures gives rise to a cognizable claim under 42 U.S.C. § 1983 (1976). See *Hendon* v. *North Carolina State Bd. of Elections,* 710 F.2d 177, 182 (4th Cir. 1983); *Griffin* v. *Burns,* 570 F.2d 1065, 1076-1077 (1st Cir. 1978); *Hennings* v. *Grafton,* 523 F.2d 861, 864 (7th Cir. 1975); *Powell* v. *Power,* 436 F.2d 84, 88 (2d Cir. 1970). See also *Bodine* v. *Elkhart County Election Bd.,* 788 F.2d 1270, 1271 (7th Cir. 1986). The court in *Griffin* v. *Burns, supra,* held that "local election irregularities, including even claims of official misconduct, do not usually rise to the level of constitutional violations where adequate state corrective procedures exist." *Id.* at 1077. The due process clause is not violated unless "the election process reaches the point of 'patent and fundamental unfairness.'" *Hendon* v. *North Carolina State Bd. of Elections, supra* at 182. *Griffin* v. *Burns, supra* at 1077. The court in *Powell* v. *Power, supra,* held: "Uneven or erroneous application of an otherwise valid statute constitutes a denial of equal protection only if it represents 'intentional or purposeful discrimination.' . . . Similarly, the due process clause and article I, section 2 offer no guarantee against errors in the administration of an election." (Citations & footnote omitted.) *Id.* at 88. Section 1983 is implicated only when there is "wilful conduct which undermines the organic processes by which candidates are elected." *Hennings* v. *Grafton, supra* at 864. Since the defendants' conduct stemmed from a "misapprehension" of their duties under the statutes, the plaintiffs do not have a cognizable claim under 42 U.S.C. § 1983 (1976).

2. *The Plaintiffs' Claim Under State Law for Deprivation of the Right to Vote.* The plaintiffs assert that, because the deprivation of the right to vote is itself a compensable injury, they are entitled to be awarded "presumed" damages. The de-

fendants contend that nominal damages are mandated absent proof of actual injury.

There is no question that Massachusetts recognizes that denial of the right to vote gives rise of a claim for damages, whether the election officials acted with malice or not. *Lincoln v. Hapgood,* 11 Mass. 350 (1814). Damages, however, must not be speculative but must be established "upon a solid foundation in fact." *John Hetherington & Sons* v. *William Firth Co.,* 210 Mass. 8, 22 (1911). See also *Snelling & Snelling of Mass., Inc.* v. *Wall,* 345 Mass. 634, 636 (1963).

In the present case, the trial judge found that the plaintiffs suffered no financial loss, or physical or emotional injury. The finding was not clearly erroneous. In this State, as in most jurisdictions, recovery for emotional distress is limited. Where a defendant's conduct is extreme and outrageous, and calculated to cause severe emotional distress, a plaintiff may recover. *Agis* v. *Howard Johnson Co.,* 371 Mass. 140, 144-145 (1976). Recovery for mere hurt feelings or bad manners, however, is not allowed. *Id.* at 145. A person cannot recover for negligently caused emotional distress absent physical injuries. *Payton* v. *Abbott Labs,* 386 Mass. 540, 555 (1982).

In the present case, there was no proof of extreme and outrageous conduct on the part of the defendants or any proof of physical injury to the plaintiffs as a result of the emotional upset they claimed. Therefore, there was no basis for awarding damages based upon emotional distress and no factual predicate for the award of any other form of compensatory damages.

Punitive or exemplary damages are not allowed in Massachusetts except under statutory authority. *Lowell* v. *Massachusetts Bonding & Ins. Co.,* 313 Mass. 257, 269 (1943), and cases cited. Plaintiffs assert, however, that they should be awarded "presumed" damages based on the fact that the denial of their right to vote is compensable in and of itself. The United States Supreme Court case relied upon by the plaintiffs, *Memphis Community School Dist.* v. *Stachura,* 477 U.S. 299 (1986), clearly held that whether the constitutional deprivation was procedural or substantive, damages could only be awarded for actual injury suffered. *Id.* at 307-308. The Supreme Court

concluded that there was "no room for noncompensatory dam-
ages measured by the jury's perception of the abstract 'impor-
tance' of a constitutional right." *Id.* at 309-310. The Court
held that "damages based on the abstract 'value' or 'importance'
of constitutional rights are not a permissible element of com-
pensatory damages in such cases." *Id.* at 310. The notion of
"presumed" damages was rejected in *Carey* v. *Piphus,* 435
U.S. 247, 262 (1978). The Court in *Carey* v. *Piphus, supra,*
discussed such damages in reference to defamation per se ac-
tions. *Id.* at 263. An analogy between such cases and cases
involving deprivation of constitutional rights was rejected in
both *Carey* v. *Piphus, supra,* and *Memphis Community School
Dist.* v. *Stachura, supra.* We also reject such an analogy.

The Court in *Stachura, supra,* discussed cases where dam-
ages were allowed based on a deprivation of the right to vote.
*Id.* at 811 n.14. The Supreme Court cases cited allowed a
cause of action for deprivation of the right to vote, but did not
set out the prerequisites for recovery.[4] Further, most involved
challenges to State laws denying blacks the vote,[5] based on
violation of the Fifteenth Amendment to the United States
Constitution.[6] Federal law does not support an award of pre-
sumed damages based upon a deprivation of voting rights.[7] The

---

[4] See, e.g., *Lane* v. *Wilson,* 307 U.S. 268 (1939); *Nixon* v. *Herndon,*
273 U.S. 536 (1927).

[5] See, e.g., *Lane* v. *Wilson, supra; Nixon* v. *Herndon, supra; Giles* v.
*Harris,* 189 U.S. 475 (1903).

[6] The Fifteenth Amendment to the United States Constitution provides:
"The right of citizens of the United States to vote shall not be denied or
abridged by the United States, or by any state, on account of race, color,
or previous condition of servitude." U.S. Const. amend. XV, § 1.

[7] Lower Federal court cases have discussed "presumed" damages based
upon deprivation of the right to vote. See, e.g., *Herrera v. Valentine,* 653
F.2d 1220, 1228 (8th Cir. 1981); *Wayne* v. *Venable,* 260 F. 64 (8th Cir.
1919). The decisions were based on the belief that a damage award can be
determined based on the intrinsic value of the constitutional right. *Herrera*
v. *Valentine, supra* at 1228; *Wayne* v. *Venable, supra* at 66. Such a rationale
was rejected by the Supreme Court in *Stachura, supra* at 310. The decision
in *Herrera, supra,* was also decided based on a distinction between violation
of procedural rights and substantive rights. *Id.* at 1228. Such a distinction
was rejected in *Stachura, supra* at 309.

*Stachura* Court reaffirmed its holding in *Carey* v. *Piphus, supra,* that no compensatory damages could be awarded without proof of actual injury. *Id.* at 307-308. It is clear that a plaintiff must prove actual injury as a prerequisite to recovery of damages in a § 1983 claim. It is equally clear that Federal cases do not provide support for an award of presumed damages under State law for the deprivation of the right to vote.

Similarly, there is no support under State law for an award of "presumed" damages. In *Lincoln* v. *Hapgood,* 11 Mass. 350 (1814), this court stated that the right to vote cannot be infringed without producing an injury. *Id.* at 355. It appears, however, that the language of this court arose in the context of whether a cause of action existed. *Id.* at 354-356. "If then a civil action does not lie against them, the party is deprived of his franchise without any relief." *Id.* at 355. With regard to damages, this court stated: "[J]uries should always, in estimating the damages, have regard to the disposition and temper of mind discoverable in the act complained of; and probably the Court would determine that a sum, comparatively not large, would be excessive damages in a case where no fault, but ignorance or mistake, was imputable to the selectmen." *Lincoln* v. *Hapgood, supra* at 357. Thus, while this court allowed a cause of action without regard to malice or ill will on the part of the defendants, the case suggests that nominal damages are appropriate where the defendants were merely ignorant or mistaken. *Lincoln* v. *Hapgood,* therefore, offers no support for the application of the uncommon principle of presumed damages.

In the present case, the plaintiffs' cause of action was affirmed, and injunctive and declaratory relief was awarded requiring the defendants to deliver the resident listing forms to owners of multidwelling units or to deliver notice of the availability of the forms and notice of the owners' statutory duties. The defendants were also ordered to allow previously registered voters who had been dropped from the city's voting list to vote through the certificate procedure described in G. L. c. 51, § 59, regardless of whether the voters had responded to the "drop" notices sent by the city. This decision was upheld by

this court in *Santana II, supra* at 356. The plaintiffs failed, however, to demonstrate that there was any basis for an award of more than nominal damages. There was no error in the judge's ruling.

*Judgment affirmed.*