37 F.3d 1484
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 John F. DESMOND, Plaintiff, Appellant,
v.
NYNEX CORPORATION, Defendant, Appellee.
 No. 94-1230
 United States Court of Appeals,
First Circuit.
 Oct. 20, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge ]
 John F. Desmond on brief pro se.
 Richard P. Owens, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se plaintiff-appellant John Desmond filed suit on March 2, 1992 in the District Court for the Southern District of New York against defendant-appellee NYNEX Corporation. Desmond's complaint alleged that Desmond, a Massachusetts resident, receives telephone services from New England Telephone ("NET"), a NYNEX subsidiary. According to the complaint, in 1991 and 1992 the Bush Administration or "some unknown government entity" was jamming and intercepting Desmond's phone calls and generally interfering with his phone services. On June 10, 1991, for example, "an electronic bullet" was sent through Desmond's phone lines, presumably directed at Desmond. On February 24, 1992, after Desmond's attempts to dial two telephone numbers were unsuccessful, Desmond spoke to a repair operator to complain about these problems. The operator allegedly "stated that she would not register my complaint and that I should see a 'Psychiatrist.' "
 
 
 2
 Based on these factual allegations, Desmond's complaint set forth five causes of action: (1) that NYNEX had engaged in a conspiracy with a federal government entity to violate Desmond's constitutional right of privacy by intercepting his phone calls; (2) that the interference with Desmond's phone services constituted intentional interference with his business and other relationships, including his attempts to litigate other matters before the courts; (3) that the operator's statement that Desmond should see a psychiatrist constituted intentional infliction of emotional distress, for which NYNEX was legally responsible under the doctrine of respondeat superior; (4) that the operator's statement constituted slander of Desmond, for which NYNEX was legally responsible under the doctrine of respondeat superior; and (5) that NYNEX had violated the Communications Act of 1934, 47 U.S.C. Secs. 151 et seq., and certain unspecified federal tariff regulations.
 
 
 3
 On April 21, 1992, the New York district court, noting that a substantial part of the events alleged in the complaint occurred in Massachusetts, transferred the case pursuant to 28 U.S.C. Secs. 1391(a), 1406(a) to the District Court for the District of Massachusetts. After NYNEX filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), and Desmond responded, the district court on February 28, 1994 granted NYNEX's motion and dismissed Desmond's complaint "for the reasons stated in NYNEX's Memorandum of Law in Support of Motion to Dismiss the Complaint." Desmond appealed. We affirm.
 
 The Merits
 
 4
 Desmond's complaint does not name NET as a defendant. Indeed, since Desmond resides in Massachusetts and there is no dispute that NET has its principal place of business in Massachusetts, to do so would destroy complete diversity of citizenship in this case. The complaint implicitly acknowledges, however-as NYNEX insists-that it is NET that provides telephone services to Desmond, and it was an NET operator who made the alleged statement to Desmond (although in an affidavit accompanying the complaint Desmond did state that the operator identified herself as a "spokesperson of NYNEX"). Desmond has alleged no facts that could justify piercing the corporate veil to make NYNEX liable for the alleged acts of its subsidiary, NET. Accordingly, NYNEX cannot be liable on any of the causes of action alleged in the complaint. For this reason alone, we would affirm the district court's dismissal.
 
 
 5
 In any event, even if Desmond had sued the proper party-defendant, we would still affirm the district court because none of Desmond's claims state a cause of action. He has not stated a claim under 42 U.S.C. Sec. 1983 for invasion of his constitutional right of privacy because he has failed to allege facts sufficient to show that NYNEX acted under color of state law. Desmond's vague and conclusory allegations, utterly lacking supporting factual detail, that NYNEX conspired with "some unknown government entity" to disrupt his telephone services are not adequate to allege state action. See McGillicuddy v. Clements, 746 F.2d 76, 77-78 (1st Cir. 1984).
 
 
 6
 Apart from these insufficient allegations of conspiracy, Desmond does not adequately allege that NYNEX did anything to violate his right of privacy under either federal or state law (e.g., Mass. Gen. Laws c. 214, Sec. 1B). All that he alleges is that NYNEX refused to investigate his claims that some government entity was invading his privacy.
 
 
 7
 To establish a claim for intentional interference with economic or business relations under Massachusetts law, a plaintiff must show that the defendant knowingly interfered with an advantageous relationship or knowingly induced a breach of contract. See United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 551 N.E.2d 20 (1990). Desmond did not allege that NYNEX knew of any advantageous or business relationship between Desmond and anyone else, or that NYNEX knew of Desmond's other litigation. Consequently, dismissal of this claim was proper.
 
 
 8
 It is plain on the face of the complaint that the telephone operator's statement that Desmond needed to see a psychiatrist did not constitute either intentional infliction of emotional distress or slander under Massachusetts law. To state a claim for intentional infliction of emotional distress, plaintiff must allege conduct that was "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community." Agis v. Howard Johnson Co., 371 Mass. 140, 145, 355 N.E.2d 315, 319 (1976). The operator's alleged statement obviously did not meet this standard. A plaintiff must allege more than "mere hurt feelings or bad manners" to state a claim. Santana v. Registrars of Voters, 398 Mass. 862, 867, 502 N.E.2d 132, 135 (1986).
 
 
 9
 The operator's alleged statement could not support an action for slander because it was a mere expression of opinion, see Fleming v. Benzaquin, 390 Mass. 175, 180-86, 454 N.E.2d 95, 100-03 (1983), and because there was no allegation that it was published to any other person, see Economopoulos v. A.G. Pollard Co., 218 Mass. 294, 105 N.E. 896 (1914). Desmond's argument on appeal that he did allege the remark was published because he alleged that his phone calls were being intercepted is frivolous.
 
 
 10
 Since Desmond did not state a cause of action for either slander or intentional infliction of emotional distress, NYNEX could not be liable in respondeat superior for the telephone operator's statement.
 
 
 11
 Desmond's complaint did not specify in what way NYNEX's alleged conduct, shorn of the insufficient allegations of conspiracy, should be thought to have violated the Communications Act or applicable federal tariff regulations. No such violation is readily apparent.
 
 
 12
 Desmond also argues that the New York district court's transfer of this action to the District of Massachusetts was improper and ex parte. The transfer was well within the transferring court's discretion, however, given that Desmond resides in Massachusetts and all or most of the conduct alleged in the complaint occurred in Massachusetts. Since Desmond acknowledges that the case was transferred "over [his] objections," his allegations that the transfer was ex parte are frivolous. It is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. Secs. 1404(a) and 1406(a). See, e.g., Caldwell v. Palmetto State Savings Bank, 811 F.2d 916, 919 (5th Cir. 1987).
 
 
 13
 Finally, Desmond argues that the district judge should have recused himself because of his alleged hostility toward Desmond personally. However, Desmond has given no reason, beyond the district judge's adverse ruling, to think that the district judge bears him any ill will. Desmond therefore has stated no reasonable basis for recusal.
 
 
 14
 We have considered all of Desmond's other arguments and find them meritless.
 
 
 15
 The judgment of the district court is affirmed.