Martin v. Atomic Ski                    CV-95-583-SD  03/18/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Roland Martin


        v.                                    Civil No. 95-583-SD


Atomic Ski USA, Inc.;
Randy Loubier


                        O R D E R


    In this civil action, plaintiff Roland Martin alleges that
defendant Atomic Ski USA, Inc., a New Hampshire corporation,
engaged in discriminatory hiring practices in violation of the
Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et
seq.  Plaintiff further alleges that Atomic's actions amount to
the negligent infliction of severe emotional distress and that
defendant Randy Loubier, Atomic's chief financial officer,
intentionally inflicted such emotional distress.  Over and above
the discrimination and emotional distress claims, plaintiff also
seeks enhanced compensatory damages.

    Presently before the court is defendants' motion to dismiss
all but the federal claim, to which plaintiff objects.

## Background

In October 1994, at the age of 53, plaintiff applied and was interviewed for the position of M.I.S. Manager with Atomic. Complaint ¶¶ 5, 7. Plaintiff asserts that despite his "twenty-five years of experience in the data processing and computer management field," id. ¶ 6, defendant Loubier allegedly telephoned plaintiff subsequent to the interview and "inform[ed] him that although he was a top candidate, he had decided to hire . . . a person under the date of forty to fill the position of M.I.S. Manager," id. ¶¶ 10-11. Plaintiff further asserts that subsequent to the hiring decision, "John Douglas, President of Atomic, apologized to plaintiff for the decision not to hire him." Id. ¶ 12.

Martin thereafter timely filed a charge of discrimination with the New Hampshire Commission for Human Rights and the Equal Employment Opportunity Commission on March 10, 1995. Id. ¶ 14. On December 4, 1995, plaintiff filed a four-count complaint with this federal court charging Atomic with negligent infliction of emotional distress and a violation of the ADEA (Counts I, II), charging Loubier with intentional infliction of emotional distress (Count III), and seeking enhanced compensatory damages against both defendants (Count IV).

Discussion

1.  Motion to Dismiss Standard

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P.,[1] "its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Thus, the court takes all of plaintiff's factual averments as true and indulges every reasonable inference in plaintiff's favor.  Talbott v. C.R. Bard, Inc., 63 F.3d 25, 27 (1st Cir. 1995) (citing Garita Hotel Ltd. Partnership v. Ponce Fed. Bank F.S.B., 958 F.2d 15, 17 (1st Cir. 1992), petition for cert. filed, 64 U.S.L.W. 3593 (U.S. Feb. 16, 1996) (No. 95-1321); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989)).

In the complaint, a plaintiff is merely required to present "'a short and plain statement of the claim' . . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Rule 8(a)(2), Fed. R. Civ. P.); see also RTC

_____

[1]The court declines plaintiff's suggestion that the instant motion be treated as one brought under Rule 12(c), Fed. R. Civ. P., for judgment on the pleadings.  Only the facts alleged in plaintiff's complaint will be utilized by the court in its effort to resolve the instant motion.

v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993) ("At the start, a reasonable basis for belief and an outline of what one might reasonably hope to prove may suffice to permit discovery and ward off premature motions to dismiss.").

Although the standard hereinabove set forth may appear minimal, Boston & Me. Corp. v. Town of Hampton, 987 F.2d 855, 864 (1st Cir. 1993), it is not nonexistent, Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). And despite the otherwise deferential reading accorded the complaint, Brown v. Hot, Sexy & Safer Prods, Inc., 68 F.3d 525, 530 (1st Cir. 1995) (citing Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994)), cert. denied, 64 U.S.L.W. 3591 (U.S. Mar. 4, 1996) (No. 95-1158), the court remains resolute in ensuring that "each general allegation [is] supported by a specific factual basis," Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990) (citing Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)). Thus, "unsubstantiated conclusions" or "subjective characterizations" are not given serious credit. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990) (citations omitted).

4

## 2. Allegations of Emotional Distress

Plaintiff's complaint sets forth allegations of both the negligent (against Atomic) and intentional (against Loubier) infliction of emotional distress.

Insofar as plaintiff attempts to allege a claim based in negligence, the New Hampshire Supreme Court has held "that before a plaintiff can recover damages for emotional distress pursuant to a negligence cause of action, he or she must prove that physical injury resulted therefrom." Thorpe v. State, 133 N.H. 299, 304, 575 A.2d 351, 353 (1990). Thus, a negligent infliction of emotional distress claim will lie "if plaintiff can prove physical injury or 'physical manifestations of his distress.'" Orono Karate, Inc. v. Fred Villari Studio of Self Defense, Inc., 776 F. Supp. 47, 50 (D.N.H. 1991) (citations omitted).[2] Even when recovery is allowed under this legal theory, "it is not permitted for mere upset, humiliation, hurt feelings, or bad manners." Id. at 51 (citations omitted) (emphasis added).

---

[2]The court is mystified by plaintiff's reading of Orono Karate, Plaintiff's Objection at 2, to the extent that it purports to describe Orono Karate as involving the New Hampshire workers' compensation statute, New Hampshire Revised Statutes Annotated (RSA) 251-A:8 (Supp. 1994). The plaintiff in Orono Karate was seeking damages under both tort and contract theories for the alleged breach of a licensing agreement. See Orono Karate, supra, 776 F. Supp. at 48. The workers' compensation statute simply played no part in the court's analysis.

5

In pertinent part, the sum of plaintiff's negligence claim is as follows.

> 20. Defendant Atomic had a duty not to subject the plaintiff to unlawful discrimination on the basis of his age.
> 21. Defendant Atomic breached its duty by using plaintiff's age as a determining factor in its decision not to hire plaintiff and by otherwise engaging in unlawful employment practices.
> 22. The conduct of defendant Atomic caused plaintiff to suffer severe emotional distress, including but not limited to, anxiety and humiliation.

Complaint ¶¶ 20-22. To the extent that plaintiff bases such claim on any humiliation suffered, recovery is not permitted. See Orono Karate, supra, 776 F. Supp. at 51. Anxiety, however, is a different matter altogether.[3] If properly substantiated by expert testimony, plaintiff's alleged anxiety condition will substantiate a negligence-based emotional distress claim. At this early stage of the litigation, the court cannot discount the

_____

[3]Anxiety is defined as

> the unpleasant emotional state consisting of <u>psychophysiological responses</u> to anticipation of unreal or imagined danger, ostensibly resulting from unrecognized intrapsychic conflict. <u>Physiological concomitants include increased heart rate, altered respiration rate, sweating, trembling, weakness, and fatigue</u>; psychological concomitants include feelings of impending danger, powerlessness, apprehension, and tension.

DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 102 (28th ed. 1994) (emphasis added).

6

claim as alleged, and thus denies defendants' motion to dismiss as to Count II.

Plaintiff's claim of intentional infliction of emotional distress does not enjoy the benefit of such a lax standard. "To state a claim for intentional infliction of emotional distress, plaintiff must allege that through extreme and outrageous conduct defendants intentionally or recklessly caused severe emotional distress." Miller v. CBC Cos., Inc., 908 F. Supp. 1054, 1067 (D.N.H. 1995) (citing Morancy v. Morancy, 134 N.H. 493, 495-96, 593 A.2d 1158, 1159 (1991) (citing RESTATEMENT (SECOND) OF TORTS § 46 (1965))).

The benchmark contemplated by the RESTATEMENT, and adopted in New Hampshire, accords liability under this legal theory

> only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
>
> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

RESTATEMENT, supra, § 46, cmt. d. As a matter for the court to determine in the first instance, id. § 46, cmt. h, conduct

falling short of being unusually outlandish or atrocious rarely passes muster.

The basis for plaintiff's intentional infliction of emotional distress claims is stated as follows.

> 24. The conduct of defendant Loubier in using plaintiff's age as a determining factor in his decision not to hire plaintiff and in otherwise engaging in unlawful employment practices was extreme and outrageous.
> 25. The extreme and outrageous conduct of Mr. Loubier intentionally or recklessly caused plaintiff to suffer severe emotional distress, including but not limited to, anxiety and humiliation.

Complaint ¶¶ 24-25. On the strength, or weakness, of the conclusory allegations stated in plaintiff's complaint, the court finds neither extreme nor outrageous nor atrocious nor "utterly intolerable" conduct or behavior on defendant Loubier's part. Although discriminatory hiring practices will not be tolerated in a civilized society, plaintiff's "subjective characterizations," Correa-Martinez, supra, 903 F.2d at 53, do not properly substantiate his claim of intentional infliction of emotional distress. Count III accordingly is dismissed without prejudice.

## 3. Enhanced Compensatory Damages

Except in certain statutorily identified instances not here relevant, punitive damages are not permitted under New Hampshire law. See RSA 507:16 (Supp. 1994). However, "the New Hampshire

8

Supreme Court [has] authorized the augmentation of compensatory damages in certain cases." DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 915 (1st Cir. 1992) (citing Vratsenes v. N.H. Auto, Inc., 112 N.H. 71, 289 A.2d 66 (1972)). "In practical operation, it is only when a wrongdoer's actions are 'wanton, malicious, or oppressive' that enhanced damages become appropriate." Id. (citation omitted); see also Aubert v. Aubert, 129 N.H. 422, 431, 529 A.2d 909, 914 (1987) ("'when the act involved is wanton, malicious, or oppressive, the compensatory damages awarded may reflect the aggravating circumstances'" (quoting Vratsenes, supra, 112 N.H. at 73, 289 A.2d at 68)). That said, "[s]uch liberal damages are not awarded in every case involving an intentional tort, and the evidence must demonstrate actual malice, i.e., hatred, hostility, ill will, or evil motive on the part of the defendant." DeMeo v. Goodall, 640 F. Supp. 1115, 1118 (D.N.H. 1986) (citing Munson v. Raudonis, 118 N.H. 474, 479, 387 A.2d 1174, 1177 (1978)).

The enhanced compensatory damages claim is therefore dependent upon the viability of plaintiff's intentional tort claim. Insofar as such claim has been herein dismissed, the court further dismisses, without prejudice, the enhanced compensatory damages claim as well (Count IV).

## Conclusion

For the reasons set forth herein, defendants' motion to dismiss (document 5) is granted in part and denied in part. The motion is denied as to the claim of negligent infliction of emotional distress (Count II) and granted as to the claims for intentional infliction of emotional distress (Count III) and enhanced compensatory damages (Count IV). Counts III and IV are herewith dismissed without prejudice.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 18, 1996

cc: Robert E. McDaniel, Esq.
James W. Donchess, Esq.

10